HENRY K. WHITE *et al.* v. BENJAMIN BIRD.

1. QUESTIONS, *Not Considered by the Supreme Court.* Motions and questions not ruled upon by the trial court, or not otherwise disposed of, will not be noticed by this court.

2. CONFLICTING EVIDENCE—*Practice.* When a cause is submitted to the court for trial and a jury waived, and there is a conflict of evidence on every material fact, and there is some evidence to sustain the general findings of the trial court necessarily included in the judgment, such findings and judgment will not be disturbed.

*Error from Cheyenne District Court.*

THE opinion contains a sufficient statement of the case.

*M. A. Wilson,* and *Rossington, Smith & Dallas,* for plaintiffs in error.

*S. W. McElroy,* for defendant in error.

Opinion by SIMPSON, C.: Bird commenced this action in the district court of Cheyenne county, claiming that on the 11th day of April, 1885, Eva Ostrander, Charles Muller, Samuel McKnight and Lawrence Flanigan each purchased a quarter-section of school land situate in Cheyenne county from the state of Kansas, the whole purchase embracing section 36, township 2 south, of range 41 west; that this purchase was made under the provisions of the act to provide for the sale of school lands, approved February 22, 1864, and acts amendatory and supplemental thereto; that certificates of purchase were issued to each by the county clerk of Rawlins county, to which the county of Cheyenne was then attached; that these certificates of purchase were duly assigned by these respective purchasers to Beverstock and Cochran, who were purchasers for value, having paid $100 for each assignment. He further alleges that, after said certificates were assigned, and were in the possession of Beverstock and Cochran, they were either lost or stolen, without fault or negligence on their part; that after they were so lost or stolen, they were sold by

some of the defendants without the knowledge or consent of said Beverstock and Cochran; that the names of Beverstock and Cochran were erased from the assignments made to them by the original purchasers, without their knowledge or consent; that the defendants Henry K. White, E. S. Douglass and E. K. White claim to be present owners of said certificates of purchase of the several pieces of school land. He further alleges that, when it was discovered that said certificates of purchase then owned by and in the possession of Beverstock and Cochran were lost or stolen, such proceedings were had as to cause the clerk of Rawlins county to deliver to Beverstock and Cochran certified copies of said certificates of purchase and the assignments thereon to Beverstock and Cochran; that on the 2d day of October, 1885, Beverstock and Cochran, for and in consideration of the sum of $885 in hand, paid them by one Charles B. France, duly assigned said certificates of purchase to the said France, and that said Charles B. France did subsequently assign said certificates of purchase to the said Bird, who by virtue of such assignments became the absolute and unqualified owner of the same; that the assignments of Beverstock and Cochran to France, and from France to Bird, are in writing, indorsed on the back of the certified copies; that afterward Bird tendered to the treasurer of Rawlins county all the interest due and payable on said four certificates of purchase, who refused to accept the same; but that said treasurer did permit the defendant E. K. White to pay the same; that in 1886 the said Bird, desiring to make final payment of the four certificates of purchase, tendered to the county treasurer the full purchase-price for said land, together with interest from the day of sale to the day of tender, which was refused.

Attached to the petition are copies of the four certificates of purchase and the written assignments of the four original purchasers to Beverstock and Cochran, the petition being verified. Among the other prayers for relief was one that the defendants be restrained from claiming any interest in

and to said certificates of purchase. A temporary injunction was allowed until the final hearing.

The defendants Henry K. White (who was sued as E. K. White), E. S. Douglass and C. F. Mathieson filed the answer admitting the purchase by Flanigan, McKnight, Ostrander, and Muller, as described in the petition, and that each received a certificate of purchase. They admit that they now claim by virtue of certain assignments made by the said original purchasers and their assignees to be the absolute owners of each and all of these certificates of purchase, each owning an undivided-third interest therein. They further aver that, long before they or any of their co-defendants acquired any interest in said certificates, and before the pretended acquisition of any interest in said certificates of purchase by Bird, the said Beverstock and Cochran repeatedly disavowed any claim or interest to or in said land or in said certificates, and caused the same to be sold without any visible appearance of any ownership by them therein, and to be delivered to those under whom these defendants claim title to said certificates, they buying the same from other persons than Beverstock and Cochran, and paying therefor upon the faith of such representations and disclaimer of ownership and interest therein by said Beverstock and Cochran. This answer is verified. Of the other defendants, Hendricks, Russell, Tindall and Hemming filed disclaimers. The defendants Way and Kerndt made default and filed no answers, so that the real controversy is between Bird on the one hand, and White, Douglass and Mathieson on the other. The cause was tried by the court at the May term, 1888, and a general judgment entered, in the following language:

"This day this cause came on to be heard on the issue joined between the parties, the plaintiff in person and by attorneys S. W. McElroy and John D. Hayes, and the defendants by their attorneys, James Donovan and M. A. Wilson. The plaintiff introduced his testimony and rested, then the defendants their testimony and rested; and the court, being fully advised in the premises, does find that the plaintiff at the commencement of this action was, and now is, the owner

of four certificates of purchase, as follows, to wit: The same being fully described in plaintiff's petition, and embracing the entire section 36, in township 2 south, of range 41 west, in Cheyenne county, Kansas. The court further finds that the said plaintiff derived his title to the said certificates of purchase from one Charles B. France, and said France his title from Beverstock and Cochran, and Beverstock and Cochran from the four original purchasers of the said land, to whom the state of Kansas issued certificates of purchase, which were on the 11th day of April, 1885, assigned to said Beverstock and Cochran, and by Beverstock and Cochran to Charles B. France, duly assigned October 2, 1885, and said Charles B. France transferred same to the plaintiff herein before the commencement of this action; that the said four original certificates issued to the four original purchasers were lost and unlawfully mutilated, and the names of Beverstock and Cochran were erased from each of said certificates of purchase, and afterward the name of C. P. Russell was inserted in the said original assignments in place of the names of Beverstock and Cochran, the original and first assignees, and that such erasure was made and the name of C. P. Russell inserted without the knowledge and consent of Beverstock and Cochran, or either of them; that the defendants Henry K. White, Edward S. Douglass and C. F. Mathieson are now in possession of the four original certificates of assignment, and claim their title to the same from said C. P. Russell, and C. P. Russell from N. A. Way; and the court further finds that the said N. A. Way had no interest in said certificates, or right to said land; that the fraudulent alteration of said four assignments was illegal and void, and passed no title to said certificates, nor any valid interest in said land.

"It is therefore ordered, adjudged and decreed by the court, that the plaintiff's interest and title to said certificates of purchase is paramount and superior to the interest of the defendants, and he is entitled to a patent to section 36, township 2 south, of range 41 west, from the state of Kansas, upon the payment of the amount due the state upon said contracts, and the further sum of $103.68 to the clerk of the court for Henry K. White, the same being the amount the said White has paid as interest on the said contracts; and it is further ordered, adjudged and decreed by the court, that the interest of the defendants in and to said land and certificates of purchase be forever canceled and held for naught, and the plain-

tiff's ownership in and to said certificates of purchase, and right to said land therein described, forever sustained, and the defendants pay the costs of this suit, taxed at $41.45, for which let execution issue."

A motion for a new trial was overruled, and White, Douglass and Mathieson bring the case here for review.

Only two assignments of error are insisted upon here. The first is, that these plaintiffs in error were entitled to a judgment on the pleadings; and the second is, that the trial court erred in not sustaining the motion of the plaintiffs in error in the nature of a demurrer to the evidence.

Numerous inquiries present themselves on a perusal of this record, and their determination may have the effect to dispose of a number of questions discussed by counsel for plaintiffs in error. The case was tried by the court on the 15th day of May, 1888, and on that day a motion was filed by attorneys for White, Douglass, and Mathieson, asking that judgment be rendered in their favor because the evidence introduced by the plaintiff (Bird) fails to show a cause of action, and because the testimony of the plaintiff fails to show any legal or equitable interest in his favor. The record fails to show anywhere that there was any ruling or disposition whatever of this motion. The attorneys of the plaintiffs in error classify this motion as a demurrer to the evidence, and assuming this to be a demurrer, still the lower court never acted on it, and we cannot. The motion for a new trial assigned as causes therefor the following: First, that the decision is contrary to the evidence; second, that the plaintiff, Benjamin Bird, is not the party in interest, and has no legal or equitable standing in this court, as is shown both by the testimony and the record; third, that the plaintiff in this action relies on duplicate certificates issued by the county clerk of Rawlins county, Kansas, without any authority by law; fourth, that Beverstock and Cochran made an assignment on the duplicate certificates, knowing at the same time that the original certificates were in the hands of other parties; fifth, that there is no legal evidence of any trust being established between France and

Bird, or that C. B. France held any trust in said duplicate certificates for Benjamin Bird; seventh, that whatever interest is claimed by Bird was acquired by a quitclaim deed from Beverstock and Cochran; eighth, that no instruments in writing have been introduced in evidence to establish any legal or equitable interest of Benjamin Bird, C. B. France, or Beverstock and Cochran.

It will be noticed that the only statutory cause assigned for a new trial was, that the decision was contrary to the evidence, and we have to indulge in a very liberal construction of statutory expression to construe this into the scope of the sixth subdivision of § 360 of the civil code. The other causes assigned for a new trial are (if they are anything) errors of law occurring at the trial. But they are not saved by proper objections and exceptions, and are general statements of propositions that seem to have lodgment in the minds of counsel, but never formulated by distinct and specific questions to witnesses, nor called to the attention of the court as legal questions arising on the facts presented at the trial; so that it seems to us that the only question fairly presented by the record is, whether the judgment is sustained by sufficient evidence.

We find that certified copies of the original certificates of purchase are attached to the amended petition, and that these show a written assignment from the original purchasers to Beverstock and Cochran, duly acknowledged by each purchaser before the county clerk. This, at least, makes a *prima facie* case that the original certificates were so assigned. One of the controverted questions of fact was, whether they were so assigned, and there is some evidence that they were not, especially by Hemming, and there is also some evidence tending to show that they had been, but the names were erased. These original certificates were delivered by Meiksell to Hemming at the instigation of Way. Cochran does not know how they left his possession, and there is no word of explanation from either Meiksell or Way how they became possessed of them. There is no doubt of the assignment to and possession

of Cochran—that he bought the certificates, whether with the understanding or without it, that Way was to have an interest. So there is a conflict as to whether or not, at the time Beverstock' and Cochran applied to the county clerk and received certified copies of the certificates and assignments, they knew that the originals were in existence, and not lost or stolen as they preferred to believe. So there is a conflict as to whether or not White, when he purchased the original certificates, had knowledge from Bird that the persons he bought from had no interest in them. We cite these various conflicts in the evidence for the purpose of invoking the operation of a rule so often expressed that its repetition is becoming wearisome, that, where the evidence is conflicting, and there is sufficient or any evidence to sustain the judgment, it will not be disturbed by this court, for the reason that the trial court or the jury had an opportunity to see the witnesses, observe their hearing and demeanor, and had opportunities for comparison that this court cannot have.

There is some evidence to sustain the judgment, and all we can do in this state of the record is, to recommend that the judgment of the district court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.