P. D. CHENEY *et al.* v. HENRY A. HOVEY *et al.*

No. 8267.

1. REVIEW — *Conclusions of Fact — Weight of Evidence.* When a jury is waived and the cause submitted to the court, and there is some evidence fairly supporting all the material conclusions of fact, and a motion for a new trial has been overruled, such conclusions will not be disturbed by this court (unless in exceptional cases), although apparently against the weight of the evidence.

2. JUDGMENTS, *not Vacated.* I. executed mortgages to secure certain promissory notes, and then signed waivers of process and service, so that judgments might be taken. Afterward, she sought to set aside the judgments as being fraudulent. *Held,* That the evidence was insufficient to justify the virtual vacation of the judgments as to her.

*Error from Atchison District Court.*

PRIOR to May 4, 1882, Ida E. Howe, the wife of George W. Howe, was engaged in the boot and shoe business at Atchison, Kan., as I. E. Howe & Co., the husband being the manager thereof. On May 1, 1882, Mrs. Howe and her husband executed a promissory note for $10,000, payable to the order of Abbie R. Parsons, the mother of Mrs. Howe, residing at Worcester, Mass. ; and they secured this note by mortgage on a farm of 150 acres near Atchison, which Mrs. Howe had recently purchased, and which she and her husband occupied as a home. The note was sent at once by mail from Atchison to Mrs. Parsons, and the mortgage was recorded May 2, 1882, and thereafter forwarded to her. It is claimed by Mrs. Howe and Mrs. Parsons that the former was indebted to the latter on two promissory notes of $2,500 and $2,000, respectively, which had been running on interest for some time ; and that, when the note was sent, Mrs. Howe requested her mother to retain the amount of such indebtedness, and to send her cash for the

difference between that amount and the face of the $10,000 note, but, instead of doing so, Mrs. Parsons immediately sent her note to her daughter for $4,240 as such difference, so that it might be used, if necessary, until Mrs. Parsons could reach Atchison with the money; and that Mrs. Parsons did visit Atchison about May 20, 1882, paid Mrs. Howe the money, and took up the note of $4,240. It is also claimed that on or about May 8, 1882, Mrs. Parsons indorsed said $10,000 note and assigned the mortgage securing the same to Henry A. Hovey, her son-in-law residing also at Worcester, for the face value thereof, in payment of an indebtedness of about $4,000 or $5,000 which she owed him, the balance up to the face value of the note being paid in cash. The *bona fides* of this note and the transfer of the same, together with the mortgage, to Hovey, are challenged by the plaintiffs in error.

On May 3, 1882, said I. E. Howe & Co. executed to P. D. Cheney a chattel mortgage on their stock of goods for the sum of $20,000, to secure certain promissory notes of said I. E. Howe & Co., which said P. D. Cheney claims to have been given for money loaned at many different times for use in said business; and on May 4, 1882, Ida E. Howe and husband executed to P. D. Cheney a mortgage on said farm to secure their promissory notes amounting to $5,000, which mortgage was recorded on the same day. These last notes and real-estate mortgage were afterward transferred to the First National Bank of Jerseyville, Illinois. The *bona fides* of all these notes, the chattel mortgage, and the real-estate mortgage are challenged by Hovey.

On May 4, 1882, numerous commercial creditors of I. E. Howe & Co. commenced their actions and obtained orders of attachment against said firm in the

district court of Atchison county; and the entire stock of goods was seized in attachment on that day and subsequent days, and shortly thereafter a receiver was appointed, and, under the order of the court, he sold the goods for $12,000. Cheney commenced an action against the sheriff, in the circuit court of the United States for the district of Kansas, to recover damages for the conversion of the stock of goods, and this remained pending until on or about December 4, 1884, when it was dismissed and another action of like nature was commenced in the district court of Atchison county. Afterward, Cheney, through third parties, compromised all the claims of the attaching creditors; and the proceeds of the sale of the goods remaining in the hands of the receiver were turned over to Cheney. George W. Howe absconded within a day or two after the attachments were levied, but he continued to visit his wife secretly for a short time at her home on said farm. The relations of Cheney, then an unmarried man, with Mrs. Howe were very intimate; and he frequently visited the house and remained for several days at a time, although his home was at Jerseyville, Ill. He also met George W. Howe at various distant cities. On December 4, 1884, Mrs. Howe obtained a divorce from her husband, and was restored to her maiden name of Ida E. Parsons, and George W. Howe was barred of all right in and to said farm. Cheney urged this course on Mrs. Howe and assisted her in the suit; and the intimacy of Cheney with Mrs. Howe continued after as before the divorce was obtained.

On March 9, 1885, an action was commenced in the name of the First National Bank of Jerseyville to obtain judgment against Ida E. Parsons, and to foreclose the real-estate mortgage of $5,000. At request of

Cheney, she waived service, entered her appearance, and made a general denial; and on June 30, 1885, judgment was rendered against her for $6,145, and the mortgage was foreclosed, and the farm was sold to Andrew W. Cross, then the cashier or president of said bank, and he obtained a sheriff's deed therefor, of date November 10, 1885. Neither Abbie R. Parsons nor Henry A. Hovey was a party to this foreclosure suit. On April 22, 1885, Cheney commenced his action to recover judgment against said Ida E. Parsons on the promissory notes which had been secured to him by chattel mortgage, she again waiving service of summons and entering her appearance ; and on July 3, 1885, Cheney obtained judgment against her for $23,460.

In February, 1886, Ida E. Parsons was married to a Mr. Russell. The present action was commenced by Henry A. Hovey, February 8, 1886, to recover judgment upon said $10,000 note, and to foreclose the mortgage on said farm against Ida E. Parsons, George W. Howe, P. D. Cheney, Andrew W. Cross, the First National Bank of Jerseyville, Illinois, and others. Issues being made up between all the parties above named, except George W. Howe, the cause was tried before Hon. John Guthrie, as judge *pro tem.*, in July, 1887 ; but the case was not decided until September 14, 1891, when conclusions of fact and of law were filed, and judgment was rendered thereon in favor of Hovey for $15,621.66, to draw interest at 6 per cent. per annum, and for the foreclosure of said mortgage, barring Cheney, Cross and the bank from any claim upon said real property, and ordering that, if there should be any overplus upon the sale of said property, the same should be paid to. Ida E. Russell, her heirs or assigns. Cheney, Cross and the bank have filed their

petition in error in this court to reverse said judgment. The opinion herein was filed April 11, 1896.

*L. B. & S. E. Wheat,* for plaintiffs in error.

*W. W. & W. F. Guthrie,* for defendants in error Henry A. Hovey and Ida E. Russell.

The opinion of the court was delivered by

MARTIN, C. J. : I. The real controversy in the court below between Hovey, as plaintiff, and Cheney, Cross, and the First National Bank of Jerseyville, as defendants, was as to the *bona fides* of the $10,000 note and mortgage to Abbie R. Parsons, and the indorsement, assignment, and transfer of the same to Hovey. We deem it unnecessary to review the evidence, although we have read and considered it all, as earnestly requested by counsel for plaintiffs in error. There is much conflicting testimony, taken orally and by deposition ; and if this court were the trier of the facts upon the testimony now appearing in the record, perhaps we should say that we regarded the whole transaction as fraudulent ; but the trial court held otherwise, and had a better opportunity of judging the value of the testimony than we possess here, for several of the most important witnesses testified in open court. It has been settled in this court since an early day that in a jury trial where there is clear and positive testimony sustaining every essential point, and the verdict has received the approval of the trial court, it will not be disturbed, although upon the record the evidence seems greatly to preponderate the other way. (*K. P. Rly. Co. v. Kunkel,* 17 Kan. 145, 168, 169, and cases cited.) And the same principle is applicable to the general or special findings of the court when the trial is had without the aid of a jury.

41—56 KAS.

In such case, where there is some evidence fairly supporting all the material conclusions of fact, and a motion for a new trial has been overruled, such conclusions will not be disturbed by this court, although apparently against the weight of the evidence. (*Ketner v. Rizer*, 34 Kan. 603 ; *Giffen v. Johnson*, 43 id. 678 ; *White v. Bird*, 45 id. 759.) This court has suggested an exception to the rule where a case is tried by the court below wholly upon depositions or other written evidence, for then it comes here for examination in about the same attitude as before the trial court. (*Durham v. Coal and Mining Co.*, 22 Kan. 232, 243 ; *Woodward v. Clark*, 30 id. 78.) This case, however, comes within the rule, and does not fall within the exception ; and, as between Hovey and the plaintiffs in error, the judgment must be affirmed.

II. Ida E. Russell filed an answer and counter-claim, in which she attacked the Cheney judgment, the judgment of the First National Bank of Jerseyville, and the sheriff's deed to Andrew W. Cross ; and the court found in her favor, and adjudged that any balance of the proceeds arising from the sale of the farm after the satisfaction of the Hovey judgment should be paid to her. The plaintiffs in error complain of this, and, if the value of the farm exceeds the amount due on the Hovey judgment, the matter may be important ; and upon this question we think the evidence does not fairly tend to support the findings of the court. The validity of the original claim of indebtedness by Cheney is very doubtful, and, if the controversy were between Cheney and the creditors of I. E. Howe & Co., the findings would be sustained. But this was an attack by Ida E. Russell (formerly Mrs. Howe) upon judgments which she had been instrumental in having rendered against her firm, on

obligations the validity of which she asserted by the execution of the mortgages to secure them in the first instance, and afterward by entering her appearance in the actions and then making default, so that judgment might be taken without other proof than that which she had created by her own hand. We think this branch of the case falls within the exception to the rule as to the conclusiveness of the findings of the court upon conflicting oral evidence. In *Durham v. Coal and Mining Co.*, supra, the court said: "Where testimony is drawn from the lips of a party or his agents, no wrong will ordinarily be done such party if the testimony so given be accepted as true. A party's admissions are good against him; so is his testimony." And in *Woodward v. Clark*, supra, where the liability of the defendant as a partner was the real issue, and the proof of the partnership consisted of correspondence, this court reversed the judgment of the court below upon a demurrer to the evidence, and held that the defendant was liable as a partner. If Mrs. Howe executed the mortgages in order to evidence an indebtedness that did not exist, and then waived service and made default, so that judgments might be taken against her, she stands in no position to obtain relief against the judgments, or against the sheriff's deed which was executed in satisfaction of one of them.

The plaintiffs in error have assigned numerous errors, principally upon the admission of evidence; but, in the view which we take of the case, it is unnecessary to consider them. The conclusions of fact favoring the said Ida E. Russell, however, we cannot order judgment against her, but must reverse the judgment as between her and the plaintiffs in error, and remand the case for a new trial as to them.

All the Justices concurring.