THE BOARD OF RAILROAD COMMISSIONERS OF THE STATE OF KANSAS V. THE MISSOURI PACIFIC RAILWAY COMPANY.

No. 14,221.    (80 Pac. 53.)

SYLLABUS BY THE COURT.

1. PRACTICE, SUPREME COURT—*Review of Conflicting Evidence in Certain Cases.* In a suit brought in the district court by a railway company against the board of railroad commissioners to vacate an order of the board establishing a railway station, a judgment in the case will not be reversed on the ground that the court below erred in deciding disputed questions of fact.

2. ———— *The Statute Held Not to Change the Practice.* The direction found in section 5999 of the General Statutes of 1901 that the supreme court, in cases of the kind mentioned in the above paragraph, "shall examine the record, including the evidence, and render such judgment as shall be just and proper in the premises," does not change the established practice which has prevailed from the beginning in this court, to the effect that a judgment of the trial court will not be reversed on a question of fact if the evidence be conflicting.

3. ———— *Legislative Intent Deduced from Preceding Section of Statute.* A legislative intent not to change the practice by requiring this court on proceedings in error to review disputed points of fact in cases brought under section 5999, *supra,* may be deduced from the provisions of section 5998 of the General Statutes of 1901, which authorize any person aggrieved by the disobedience of an order of the board of railroad commissioners or the attorney-general to institute a proceeding in mandamus in this court to enforce the order, in which case conflicting evidence may be considered to the same extent as if the matters involved were submitted to a jury.

Error from Shawnee district court; Z. T. HAZEN, judge. Opinion filed March 11, 1905. Affirmed.

*C. C. Coleman,* attorney-general, *Jay F. Close,* assistant attorney-general, and *John V. Abrahams,* for plaintiff in error.

*Waggener, Doster & Orr,* for defendant in error.

13—71 KAN.

The opinion of the court was delivered by

WILLIAM R. SMITH, J.: On July 21, 1903, the board of railroad commissioners made an order that defendant in error should, on or before November 1, 1903, "erect a depot building at the station of Berryton, and maintain an agent thereat." Availing itself of the provisions of section 5999 of the General Statutes of 1901, the railway company brought suit in the district court to vacate the order of the board. The petition alleged that it would be unjust, inequitable and oppressive to require a station at the place ordered, in close proximity to one already established at Tevis, and would entail great expense to the railway company, without any substantial benefit to the public. That part of the section of the statute above cited authorizing the suit reads:

"If any railroad company shall be dissatisfied with any regulation, order, finding or decision adopted by said board of railroad commissioners, such dissatisfied railroad company shall have the right, within thirty days after the making or entering thereof, to bring an action against said board of railroad commissioners as defendants in any court of competent jurisdiction to have such regulation, order, finding or decision vacated, and shall set forth in the petition the particular regulation, order, finding or decision complained of and the particular cause or causes of objection to any or all of them, and a summons shall be served upon the secretary of said board as in other cases. Issues shall be formed and the controversy tried and determined as in other civil cases of an equitable nature; and said court may set aside, vacate or annul one or more or any part of any of the regulations, orders, findings or decisions adopted by the said board which shall be found to be unreasonable, unjust, oppressive or unlawful, without disturbing others. Either party to said cause, if dissatisfied with the judgment or decree of said court, may institute proceedings in error in the supreme court as in other civil cases, and said court shall examine the

record, including the evidence, and render such judgment as shall be just and proper in the premises."

Berryton is on the line of the Kansas, Nebraska & Dakota railway, which extends from Topeka to Fort Scott, and is operated by the Missouri Pacific Railway Company.

On the trial in the court below evidence was introduced on both sides of the controversy. Plaintiff showed that it had a suitable depot building and an agent on its line at Tevis, situated less than a mile and a half from Berryton; that when the road was first built it took deeds from landowners at Tevis for right of way, side-tracks, and station-grounds, in which it was stipulated that the company should erect and forever maintain on the property a station-house sufficient to transact the business offered, and, in case the depot was not erected, or was discontinued and not maintained, the conveyances were to be void. It also offered evidence tending to show that the station at Berryton did not pay the expenses of maintenance and operation; that none of the stations on the line of road between Topeka and Fort Scott was self-sustaining, except Overbrook, Garnett, and Blue Mound; that the entire business of the Kansas, Nebraska & Dakota railway did not return sufficient revenue to defray operating expenses and fixed charges; that the station at Berryton had never produced enough revenue to defray its cost and maintenance, including salary of agent and telegraph operator; that the cost of building a station at Berryton at the present prices of material would be about $1500; and that the people in the vicinity were well accommodated by the present facilities for shipping at Tevis.

On the other hand, defendant offered testimony to the effect that there were no business houses at Tevis, and that Berryton was a substantial village, containing three stores, a lumber-yard, feed-mill, and skim-

ming-station.   A tabulated statement of the receipts of both places disclosed that the total revenue to the railway company from the station of Tevis for the years 1900 to 1903, inclusive, aggregated $2446.25, and that the gross receipts for the same period at Berryton amounted to $6882.02.

There was much conflict in the testimony of persons living near the two places respecting the benefits to be derived by the public from the establishment of a station at Berryton.   We have set out briefly the salient features of the evidence, to show that the controversy involved a disputed question of fact— whether, in the language of the statute, the order of the board  requiring a depot to be built at Berryton was unreasonable, unjust, or oppressive.   The district court, after a full consideration of the proofs, decided the case favorably to the railway company and set aside the order of the railroad commissioners. From this judgment the board has come here on proceedings in error.

It has been settled that the conclusion at which the trial court arrived would not be disturbed in ordinary cases brought here on proceedings in error for the reason that the evidence was conflicting.   (*Ruth and King v. Ford,* 9 Kan. 17; *Beaubien v. Hindman,* 37 id. 227, 15 Pac. 184.)   Furthermore, a judgment of the district court will not be reversed although apparently against the weight of evidence.   This rule has been applied in suits of an equitable nature like the present.   (*Cheney v. Hovey,* 56 Kan. 637, 44 Pac. 605.)   The contention is, however, that the statute giving the right of action to the railway company, and providing for a review of the judgment of the district court here, contemplates that this court shall review the evidence and pass on its sufficiency and weight with the same freedom and to the same extent that the trial court does.   This claim is founded on that part of the statute set out above that reads:

"Either party to said cause, if dissatisfied with the judgment or decree of said court, may institute proceedings in error in the supreme court as in other civil cases, and said court shall examine the record, including the evidence, and render such judgment as shall be just and proper in the premises."

We have not been persuaded that such a radical departure from the practice prevailing in this court from the beginning in cases coming here on proceedings in error was intended by the legislature. The direction that this court "shall examine the record, including the evidence, and render such judgment as shall be just and proper in the premises," imposes no greater duty on the court than it discharges in every case coming before it for review. It must be noted that it is only by proceedings in error, as in other civil cases, that the judgment of the district court in suits of this kind can be reviewed. An examination of the record is made here in all cases submitted for decision. The evidence also is read and considered when it is necessary to decide a question arising thereon. The direction to "render such judgment as shall be just and proper in the premises" requires no wider exercise of power than the statute already confers on this court. (Gen. Stat. 1901, §5045.)

It is insisted, however, that the cause is to be tried here anew on the evidence in the record, and that the finding and judgment of the district court are without force and not binding on us. A reading of another section of the statute (Gen. Stat. 1901, §5998) may assist in arriving at the legislative intent. In the section last cited it is provided that if a railroad company fail to obey any order lawfully made by the board of railroad commissioners any person aggrieved thereby may commence and prosecute mandamus proceedings in this court in the name of the state, on the relation of such person, to compel obedi-

ence to such order, and, where the interests of the public demand, the board shall require such proceedings to be instituted, and they shall be brought by the attorney-general in the name of the state. Such cases are given precedence over all others except criminal appeals, and are tried as are other proceedings in mandamus. This section of the statute affords a method of proceeding in all respects ample to enforce the orders of the board of railroad commissioners, wherein this court takes original jurisdiction, and hears and considers the weight and credibility of the evidence as a jury would. It is unreasonable to suppose that the legislature intended to provide for two original hearings in the same matter, both directed to the same end. Again, if the attorney-general had desired, on the direction of the board of railroad commissioners he could have instituted a proceeding in mandamus in this court after the railway company had commenced its suit in the district court and secured a stay of proceedings in the latter court until the final determination of the action of mandamus here. That part of section 5999 of the General Statutes of 1901 relating to such stay reads:

"Whenever a proceeding brought in the supreme court under section 38 [Gen. Stat. 1901, § 5998] of this act by the attorney-general upon the direction of the board of railroad commissioners against any railroad company to compel the compliance with any order of said board of railroad commissioners shall be pending at the same time with an action brought in any district court of the state by such railroad company to vacate such order, the supreme court, upon such fact being made to appear, may stay all proceedings in said district court in said cause, so far as relates to the subject-matter involved in such proceeding in the supreme court, until the final determination thereof by the supreme court; and if said proceedings in the supreme court result in a final decision upon the merits, determining the question of the validity of such order, said district court, upon such fact being made to appear, shall render judg-

ment in accordance with such decision of the supreme court."

The procedure by which an original hearing could be had of the present controversy is clearly set forth in the statute. The language of the law governing proceedings in error in cases of this kind does not require, in express terms, as we interpret it, the supreme court to apply a different rule than that obtaining in other cases brought here for review by the same method. As before stated, we are aided in arriving at the legislative intent by considering the statute conferring the right to resort directly to an action of mandamus, which renders it highly improbable that the legislative mind contemplated that on proceedings in error the settled practice of this court should be overturned by requiring us to pass on the weight and credibility of evidence, as in an original proceeding brought here, when the statute marks out a procedure efficient and ample to obtain the same relief, wherein the evidence will be considered and weighed by this court to the same extent as if the matters involved were left to a jury.

The judgment of the court below is affirmed.

JOHNSTON, C. J., GREENE, BURCH, MASON, CLARK A. SMITH, JJ., concurring.

CUNNINGHAM, J. (dissenting) : I do not find myself able to agree with the conclusion in the foregoing opinion. In my judgment, when a case gets to this court under the provisions of section 5999 it is to be examined upon its merits. The requirement of that section that "said court shall examine the record, *including the evidence,* and render such judgment as shall be just and proper in the premises," demands of us something more than simply an examination to see if any error of law has been committed by the court below; it requires of us an examination of the evidence, to the end that a just judgment thereon

may be rendered. The expression "may institute proceedings in error in the supreme court as in other civil cases" simply indicates the practice which shall obtain in getting the case here, and not the course that shall be pursued once it is here. The construction adopted by the court leaves the requirement "said court shall examine the record, including the evidence," utterly without meaning and useless, as the duty to examine for errors of law follows without that part of the sentence. Nor do I think the position of the court strengthened by a reference to section 5998. Under that section, if the company refuse to carry out the orders of the board the consideration of the questions of fact by the court may at once be challenged, but in case the company choose to appeal to the district court the findings of that court —a single judge—upon such questions of fact become final. This conclusion presents such an anomaly as to become incredible. I cannot believe that the legislature intended to give to the company such exclusive right to determine in what forum it would have its facts determined.