Stone v. Townsend.

F. E. STONE v. GEORGE W. TOWNSEND, JR., *et al.*
No. 15,941.

DEEDS—*Undue Influence—Evidence.* A finding that a deed was not procured by undue influence was final, the evidence having been oral and conflicting.

Error from Doniphan district court; SAM KIMBLE, judge *pro tem.* Opinion filed July 3, 1909. Affirmed.

*S. M. Brewster,* and *Alcid Bowers,* for the plaintiff in error.

*J. J. Baker,* and *Arthur C. Bell,* for the defendants in error.

*Per Curiam:* This suit was commenced by F. E. Stone, who was the only heir at law of Lurinda Hamner, deceased. Mrs. Hamner, during her lifetime, conveyed the real estate in controversy to George W. Townsend, and this suit was commenced for the purpose of canceling such conveyance, on the ground that it was obtained by the undue influence of the grantee, used when Mrs. Hamner was mentally incompetent to transact business.

A large number of witnesses were examined on the trial, which was to the court, without a jury. The evidence presents a sharp conflict upon all the material questions involved. There was an abundance of testimony to justify a decree for either party, nearly two days being consumed in examining witnesses. The court, after a full consideration of the testimony, found in favor of the defendants. This finding was adhered to after a reconsideration upon motion for a new trial. It has been a fixed and uniform rule of this court to accept the decision of a trial court or jury as final upon a question of fact, where the evidence is oral and con-

flicting. (*White v. Bird*, 45 Kan. 759; *Cheney v. Hovey*, 56 Kan. 637, 641.) There seems to be no reason to make an exception in this case.

The judgment of the district court is affirmed.