Safford v. Tibbetts.

No. 21,904.

S. J. SAFFORD, *Appellee*, v. HARRIET E. TIBBETTS et al.
(FLORA E. MIDDLETON et al., *Appellants*).

No. 21,905.

S. J. SAFFORD, *Appellee*, v. HARRIET E. TIBBETTS et al.
(FLORA E. MIDDLETON et al., *Appellees*, J. C. HAINES, as
Trustee for the Augusta Stone Company, *Appellant*).

No. 21,906.

S. J. SAFFORD, *Appellee*, v. HARRIET E. TIBBETTS et al.
(FLORA E. MIDDLETON et al., *Appellees*, J. C. HAINES, *Appellant*).

SYLLABUS BY THE COURT.

1. FINDINGS OF FACT—*Supported by Evidence—Conclusive on Appeal.*
The rule that findings of fact supported by evidence are conclusive
in the supreme court applies in all actions, whether legal or equitable.

2. CORPORATION—*Owner of All Its Stock—Adverse Possession of Real
Property.* An officer of a corporation, who owns all of its stock,
can hold possession of the real property standing in the name of
the corporation, adverse to those who were formerly stockholders
therein but have ceased to be such.

3. SAME—*Sheriff's Sale of Capital Stock—Collateral Attack.* In August,
1890, the sheriff of Butler county, under an order of sale issued out
of the district court of that county, sold thirty shares of the capital
stock of the Augusta Stone Company, a corporation. *Held,* that
the sale transferred the ownership of the stock, and that the orig-
inal owner, against whom the order of sale was issued, cannot col-
laterally question that transfer.

4. SAME—*Ownership of Capital Stock—Evidence.* There was ample
evidence to support the finding of the court that the plaintiff owned
all the capital stock of the Augusta Stone Company.

5. SAME — *Ownership of Capital Stock — May Not be Questioned by
Strangers.* Strangers to a corporation, those who are not stock-
holders, creditors, nor otherwise interested therein, cannot question
the manner in which one who owns all the corporate stock acquires
title to the corporate property.

6. SAME—*Trial—No Prejudicial Error.* No substantial right of any of
the parties complaining was prejudicially affected by any ruling or
order concerning evidence.

Appeal from Butler district court; ALLISON T. AYRES,
judge. Opinion filed February 8, 1919. Affirmed.

*N. A. Yeager, R. A. Cox,* both of Augusta, and *George B. Rittenhouse,* of Oklahoma City, Okla., for appellant J. C. Haines.

*C. A. Leland, R. B. Ralston, C. L. Harris,* and *K. M. Geddes,* all of El Dorado, for appellee S. J. Safford.

*S. B. Amidon,* of Wichita, and *Henry Asp,* of Oklahoma City, Okla., for appellants and appellees Flora E. Middleton *et al.*

The opinion of the court was delivered by

MARSHALL, J.: This action was one to quiet title to oil lands in Butler county. The plaintiff recovered judgment, from which three separate appeals were taken; one by Flora E. Middleton *et al.,* heirs of John W. Middleton; one by J. C. Haines, as trustee for the creditors and stockholders of the Augusta Stone Company, a corporation; and one by J. C. Haines for himself. The court made findings of fact as follows:

"*First.* That the plaintiff, S. J. Safford, was at the time of the commencement of this action, in the possession of the real estate described as follows:

.     .     .      .     .     .      *✦*     .     .     .      .  .     .     .

"*Second.* That the following described real estate, to wit:

.     .     .      .     .     .      .     .     .      .     .     .      .  .

was conveyed to the defendant, The Augusta Stone Company, a corporation, in 1883, and that said corporation never made any deed or conveyance of said land to any person thereafter.

"*Third.* That 121 shares of the capital stock of said company were issued.

"*Fourth.* That in 1887, plaintiff, S. J. Safford, was the owner of 45 shares of the capital stock of said company, and at all times since said date has been the owner of 45 shares of said stock.

"*Fifth.* That the intervener J. C. Haines, in the year 1887 was the owner of 46 shares of the capital stock of said corporation, and thereafter and about the ——— day of ———, 1887, transferred and delivered said 46 shares of said capital stock of said corporation to the plaintiff, S. J. Safford, and later ratified said transfer of said stock by the execution of a quitclaim deed, dated August 12, 1889, to the following described real estate, to wit:

.     .     .      .     .     .      .     .     .      .     .     .      .  .

and at all times since said date, said S. J. Safford, has been the legal and equitable owner of said 46 shares of said stock.

15—104 KAN.

"*Sixth.* That one Isaac Haines, was at one time the owner of 30 shares of the capital stock of said corporation, and that thereafter he sold, transferred and delivered said 30 shares of capital stock to one John W. Middleton, and that thereafter said 30 shares of stock held by said John W. Middleton were duly sold by the sheriff of Butler county, Kansas, under an order of the district court of Butler county, Kansas, in an action then pending in the district court of Butler county, Kansas, in which C. P. Safford was plaintiff and John W. Middleton was defendant, and that said 30 shares of stock were purchased at said sale by C. P. Safford on the 4th day of September, 1890.

"*Seventh.* That thereafter the plaintiff, S. J. Safford, obtained all right, title and interest in and to said 30 shares of stock from the said C. P. Safford.

"*Eighth.* That on the 5th day of June, 1912, the Augusta Stone Company, a corporation, was dissolved by act of the state charter board of the state of Kansas, in accordance with the provisions of chapter 129 of the Laws of 1911.

"*Ninth.* That prior to the 5th day of June, 1912, the plaintiff S. J. Safford was and now is the legal and equitable owner of all of said 121 shares of the capital stock of the said The Augusta Stone Company, and that at the time of the dissolution of said corporation, the said plaintiff was the legal and equitable owner of all of the stock and property of said corporation.

"*Tenth.* That there are no creditors of said corporation or other parties interested in the affairs or property of said corporation, The Augusta Stone Company, and that there were no creditors or other parties interested in the affairs or property of said corporation at the time of its dissolution, except the said plaintiff, S. J. Safford."

On these findings of fact the court made the following conclusions of law:

"*First.* That plaintiff is now and was at the time of the commencement of this action, the owner in fee simple of all of the property described in his petition, to wit:

.   .   .   .   .   .   .   .   .   .   .   .

and that none of said defendants or of the interveners herein have any right, title, interest, equity, estate or claim in or to or lien upon said real estate or any part thereof.

"*Second.* That the defendants and each of them and the interveners Flora Middleton, Bird Middleton, Maude Gunn, Fannie Greer, Nellie McIlvain, Myrtle Dudley, Joe Lewis, Flora Armstrong, John W. Middleton, Louise Middleton, and Adolphus E. Middleton, and the intervener J. C. Haines, should be barred from claiming or asserting any right, title, interest or estate in or to or lien upon said real estate or any part thereof."

1. Before examining the propositions presented in the briefs, it will be well to look at a rule of law that is appar-

Safford v. Tibbetts.

ently urged as a basis for argument in presenting the matters of which complaint is made. That rule is stated by the defendants as follows:

"This is an equity case and this court has the right to consider and weigh the evidence, and has the right to consider the equities between these parties; and, if the court below has failed, as we think we have shown, to properly interpret the testimony and to apply the familiar rules of law to the pleadings and proofs in the case, we feel that we may confidently ask this court to do equity and justice in the case."

In other words, it is contended that the rule is that this court, in equity cases, will weigh the evidence, not to determine if there was evidence to support the findings made, but to determine whether contrary findings should have been made. The contrary has been declared so many times that citation of authorities is useless. But for a declaration of the rule, in equity cases, see *Railroad Commissioners v. Railway Co.,* 71 Kan. 193, 80 Pac. 53, and *West v. Brugger,* 103 Kan. 494, 499, 175 Pac. 673. No distinction in this respect has been made between suits in equity and actions at law. The only distinction that has been made has been between actions in which all the evidence has been documentary, and those in which the evidence has been wholly or partly oral. The findings made by the court are conclusive on all questions of fact on which evidence was introduced; even if the findings were contrary to what the reviewing court might regard as the weight of the evidence. The decision of this court, *Seibert v. True,* 8 Kan. 52, cited in support of the rule contended for, is against it. Because this argument of the defendants fails, much of their argument on the other questions presented in their briefs also fails.

2. It is argued that the plaintiff could not acquire title to the real property by possession adverse to the Augusta Stone Company, or to the appealing defendants. There is nothing in the findings of fact to indicate that the judgment was in any way based on the principles of adverse possession, although there was evidence from which such a finding might have been made. The plaintiff's title did not depend on adverse possession alone. It is argued that ,because the plaintiff had been a director and officer of the Augusta Stone Company from the time of its organization to the time of the trial, he could not be permitted to create any relation between himself and the cor-

poration, or its property, which would cause his personal interests to be antagonistic to that of the corporation. At the time of the trial, the plaintiff was in effect the corporation, and the plaintiff's interests and those of the corporation were the same. The appealing defendants had ceased to be stockholders in the corporation; they had no interest in it. There was nothing to prevent the possession of the plaintiff from being adverse to them. If the findings of the court were not correct, and the defendants were stockholders in the corporation, a different rule would obtain.

3. It is argued that the proceedings by which the thirty shares of stock in the Augusta Stone Company pledged by John W. Middleton to C. P. Safford were sold to C. P. Safford, were insufficient to change the relation of pledgor and pledgee. To support this argument it is urged "that the record must speak for itself, and that where the record is silent the presumption would be in favor of the pledgor." This is not a correct statement of the law. In *Hunter's Adm'r v. Ferguson's Adm'r*, 13 Kan. 462, this court stated the rule of law as follows:

"Where a record of the proceedings of a court of general jurisdiction shows upon its face that the court had jurisdiction of both the parties and the subject-matter of the action, and where the whole of the record is introduced in evidence, all presumptions from silence on the part of the record should be construed in favor of the regularity and validity of the proceedings of the court, and not against the regularity and validity of such proceedings." (syl. ¶ 1.)

(See, also, *Comm'rs of Leavenworth Co. v. Higginbotham*, 17 Kan. 62, 72; *Garden City v. Heller*, 61 Kan. 767, 769, 60 Pac. 1060.)

In the present action, the effect of the correct rule is to establish ownership of the thirty shares of stock in the purchaser at the sheriff's sale. But it is urged that to transfer the title, that stock should have been transferred on the stock books of the corporation. The presumption is that they were so transferred. If they were not so transferred, it was incumbent on the defendant to establish that fact.

This attack by the defendants is in effect a collateral attack on the judgment, and on the proceedings thereunder, and cannot be successfully maintained. (*Paine v. Spratley*, 5 Kan. 525; *Bowman et al. v. Cockrill*, 6 Kan. 311; *Anthony v. Halder-*

Safford v. Tibbetts.

*man,* 7 Kan. 50 ; *Norton v. Graham,* 7 Kan. 166 ; *Garner, County Clerk, v. The State et al.,* 28 Kan. 790 ; *Pritchard v. Madren,* 31 Kan. 38, 2 Pac. 691 ; *McCormick v. McCormick,* 82 Kan. 31, 107 Pac. 546 ; *Davis v. Davis,* 101 Kan. 395, 398, 166 Pac. 515, and cases there cited.)

C. P. Safford acquired the thirty shares of stock by the sheriff's sale, and the judgment and sale concluded John W. Middleton and his heirs from thereafter questioning that sale, except by a direct proceeding in that action.

4. The heirs of John W. Middleton, in their intervening petition, alleged that the plaintiff and John W. Middleton, as partners under the name of the Augusta Stone Company, owned all of the capital stock of that company ; that the plaintiff owned an undivided forty-seven one-hundredths thereof ; that John W. Middleton owned an undivided fifty-three one-hundredths thereof ; and that the interveners, as heirs at law of John W. Middleton, had succeeded to his rights in the ownership of the undivided fifty-three one-hundredths of that capital stock.    The intervening petition, in substance, alleged that the undivided fifty-three one-hundredths interest was made up of thirty shares purchased by John W. Middleton from Isaac Haines and of one-half of the forty-six shares purchased from J. C. Haines.    The plaintiff, in his answer to the intervening petition, denied the allegations of that petition, and alleged that all the stock owned by John W. Middleton had been sold at sheriff's sale, and that the plaintiff had personally acquired from J. C. Haines all of the forty-six shares.    The court's findings were in complete accord with the plaintiff's allegations, and were against the heirs of Middleton.    This will be clearly disclosed by an examination of the findings of fact.    If those findings were sustained by evidence, they are now conclusive.    Ample evidence to sustain them is disclosed by the several abstracts filed.    No good purpose will be served by setting out, stating, or summarizing that evidence.    The findings must stand.

5. J. C. Haines, as trustee, and for himself, argues that the decision of the court was contrary to the evidence, and was contrary to law.    This argument is based on the finding that the Augusta Stone Company, a corporation, never made any deed or conveyance of the land to any person.    It is argued that the

title to corporate property never passes to its stockholders by operation of law; that directors or managers are trustees in case of dissolution; and that the legal title rests in them as such. That trusteeship is for the benefit of the creditors and the stockholders of the corporation. The court found that there were no creditors; that the plaintiff owned all of the stock; and that no one else was interested in the affairs or property of the corporation. Grant that the plaintiff was a trustee, for whom was he a trustee? The answer is, for S. J. Safford, the plaintiff, and for no one else. None of the defendants was interested in the corporation, and they had no right to question the manner in which its business was conducted. They were strangers, and could not question the manner in which the corporate property was disposed of.

The rights of the appealing defendants depended wholly on their ownership of stock in the corporation. They failed to establish that ownership. The court found against them on the question of that ownership, and that finding was sustained by the evidence and is conclusive.

6. Complaint is made of the order overruling the several motions for a new trial. Under this, various alleged errors concerning evidence are argued. Each one has been examined; nothing has been found that materially prejudiced any substantial right of any of the defendants.

The judgment is affirmed.