No. 22,206.

A. A. Schlaudt, *Appellant*, v. John Hartman and Mrs. John Hartman, *Appellees*.

### SYLLABUS BY THE COURT.

Homestead—*Execution Sale—Sale Set Aside—Evidence*. The rule is followed that where the finding of a trial court is sustained by sufficient evidence, this court is bound by that finding, although, under the same evidence, a different conclusion might have been reached.

Appeal from Reno district court; Frank F. Prigg, judge. Opinion filed June 7, 1919. Affirmed.

*E. T. Foote*, of Hutchinson, for the appellant.

*C. M. Williams*, and *D. C. Martindell*, both of Hutchinson, for the appellees.

Schlaudt v. Hartman.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff appeals from a judgment re-
fusing to confirm a sheriff's sale of real property, and setting
aside that sale. The sale had been made pursuant to a levy
under an execution issued on a judgment rendered in favor of
the plaintiff and against the defendants. The defendants
claimed, and the court found, that the property was their
homestead. The plaintiff contended that the property was not ·
the defendants' homestead, and that contention is now pre- .
sented to this court. This necessitates an examination of the
evidence to see whether there was evidence sufficient to support
the finding of the court. The only oral evidence abstracted is
that of the defendants. Their evidence showed that John Hart-
man purchased the property in 1876; that he lived thereon
with his family for more than thirty years; that the defendants
then left the property in question and went to a farm which
Hartman rented in Reno county; that the defendants lived on
several rented farms in that county, and afterward moved back
to Hutchinson, but did not move on to the premises in con-
troversy until about the time the execution was levied thereon;
that when the defendants moved to the country they went for
John Hartman's health; that during all of the time they were
absent from the property in controversy they intended to move
back on to it; that for that reason they had not sold it; and that
they did not acquire a homestead elsewhere. That evidence
tended to show that the homestead had not been abandoned;
however, there was evidence which did tend to show that the
homestead had been abandoned. That evidence showed that
John Hartman rented the property to other parties; that he
voted in the several townships in the county in which he
lived; that he was elected road overseer in one of these town-
ships; and that he was a candidate for the office of sheriff of
Reno county, and advertised himself as a farmer candidate
from the township in which he was then living.

Under the evidence, it was the duty of the trial court to de-
termine whether or not the homestead had been abandoned.
There was evidence on which the court could find either way.
That compels this court to apply the rule that where the finding

of a trial court is sustained by sufficient evidence, this court is bound by that finding, although, under the same evidence, a different conclusion might have been reached. (*Safford v. Tibbetts,* 104 Kan. 224, 178 Pac. 618.)   Numerous other cases might be cited.

The judgment is affirmed.